SAMUEL W. EAGER, ESQ. Village Attorney, Otisville
We acknowledge receipt of your letter in which you state that the Town of Mt. Hope and the Town of Deer Park operate a town dump or sanitary landfill at a rented site which is partially in each of those two towns and, under an agreement, those towns share the expense of maintenance and operation of the project; until recently the Village of Otisville, which lies entirely within the Town of Mt. Hope, was a party to the agreement and paid a share of the cost from village funds; the Village of Otisville did not renew the agreement with the two towns but instead has acquired a trash compactor and disposes of its trash at the Orange County landfill site; previously, residents of the two towns, including the village, were able to obtain "dump permits" at a nominal fee which permitted them to bring their own rubbish to the disposal area; since the village has withdrawn from the agreement to share the cost of operation of the project, residents of the village have been denied the privilege of obtaining "dump permits" which are still available to other residents of the town who do not live within the village. You request our opinion whether it is proper and legal for the town of Mt. Hope to refuse to issue "dump permits" to residents of the Village of Otisville when other residents of the town, who live outside the village, are able to obtain them.
The creation of a town dump or sanitary landfill is discretionary on the part of the town board and is authorized under Town Law § 220, subdivision 5 and Town Law § 221. Where such action has been taken, the project cost is a general town charge (see, for instance, Town Law § 232) and is not a part-town charge such as is provided in connection with town highways outside of villages by Highway Law §141, subdivision 1, or with town dumps under General Municipal Law § 120-v. We assume from your letter that no special district has been formed pursuant to Town Law Article 12 (§§ 190 — 208-a) or Article 12-A (§§ 209 — 209-h) in the Town of Mt. Hope which excludes the area of the Village of Otisville. It thus appears that the town dump or sanitary landfill is supported by general tax in the two towns, payable alike in the Town of Mt. Hope by the residents of the Village of Otisville and by the residents of the area of the town lying outside of the village.
All of those who pay taxes for the acquisition, operation and maintenance of the town dump or sanitary landfill are entitled to use the same on a basis of equality and if dump permits are issued to residents of the Town of Mt. Hope outside of the Village of Otisville, they must be issued on the same basis to the residents of that town who live within the Village of Otisville.
The mere fact that two towns provide a sanitary landfill jointly for their residents does not alter the rights of all residents of each town to participate fully in the benefits of the service for which they are paying.
In our opinion, if two towns, by contract, operate a dump or sanitary landfill project, all residents of each town, including the residents of any village therein, must be given the same rights to use the project, and on the same basis, unless an improvement district for this purpose has been formed in only a part of a town or an agreement has been entered into between a town and a village under General Municipal Law §120-v.